IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


PATRICK JOSEPH CHAREST,      :
AIS 182262,
                              :
        Petitioner,
                              :
vs.                                        CA 10-0067-CG-C
                              :
BILLY MITCHEM,
                              :
        Respondent.


## REPORT AND RECOMMENDATION

Patrick Joseph Charest, a state prisoner presently in the custody of the respondent,

petitioned this Court for habeas corpus relief, pursuant to 28 U.S.C. § 2254, on February 5,

2010 (*see* Doc. 1, at 20 (petitioner's declaration that he delivered his petition to prison

authorities for mailing on February 5, 2010)).   This matter has been referred to the

undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

and Local Rule 72.2(c)(4).   It is recommended that the instant petition be dismissed with

prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.        On March 14, 1995, Charest was convicted of first-degree rape and first-degree

sodomy in the Circuit Court of Baldwin County, Alabama; he was sentenced, on May 26,

1995, to consecutive sentences of life imprisonment. (*See* Doc. 9, Exhibit F, at 1) Petitioner's

convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals in an unpublished memorandum decision issued on December 1, 1995. *See Charest v. State*, 682 So.2d 528 (Ala.Crim.App. 1995) (table). A certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on February 6, 1996. (Doc. 9, Exhibit G, at 1)

2.      Charest filed his first Rule 32 petition in the Circuit Court of Baldwin County, Alabama on February 6, 1998, collaterally attacking his convictions and sentences. (*Id.*) Although the appellate court initially remanded the case to the trial court to address certain claims, "[t]he circuit court's denial of the petition was affirmed by memorandum on return to remand." (*Id.* at 2 (citation omitted)) The Alabama Court of Criminal Appeals denied Charest's application for rehearing on November 1, 2002 and the Alabama Supreme Court denied his petition for writ of certiorari on February 21, 2003. (*See* Doc. 9, Exhibit B, at 8)

3.      Charest filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on May 8, 2003, collaterally attacking his convictions and sentences. *See Charest v. Ferrell*, CA 03-0283-CB-L, Doc. 1. On January 28, 2005, Magistrate Judge Kristi D. Lee recommended that the petition be denied as time-barred. (*See* Doc. 9, Exhibit B). United States District Charles R. Butler, Jr. adopted the Magistrate Judge's report and recommendation by order and judgment entered on February 10, 2005. (Doc. 9, Exhibit C) Charest filed written notice of appeal, *Charest v. Ferrell*, CA 03-0283-CB-L, Doc. 18, and requested a certificate of appealability, *id.*, Doc. 20. He later filed a motion for leave to appeal *in forma pauperis*. *Id.* at Doc. 33. On March 22, 2005, this Court

entered an order denying petitioner's motion for certificate of appealability. *Id*. at Doc. 22. On May 20, 2005, the Eleventh Circuit Court of Appeals granted petitioner's motion for certificate of appealability on the following issue: "Whether the district court properly determined that appellant was not entitled to the equitable tolling of 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations?" (Doc. 9, Exhibit D) On November 25, 2005, in an unpublished per curiam decision, a panel of the Eleventh Circuit affirmed this Court's dismissal of Charest's habeas petition. (Doc. 9, Exhibit E)[1]

4.      Charest filed another Rule 32 petition in the Circuit Court of Baldwin County, Alabama on September 20, 2006. (Doc. 9, Exhibit G, at 2) The trial court summarily denied the collateral petition and the Alabama Court of Criminal Appeals affirmed the denial of same on August 22, 2008. (Doc. 9, Exhibit F) Thereafter, Charest filed a Rule 60(b) motion in the Circuit Court of Baldwin County, Alabama which was construed by the trial court as another Rule 32 petition and denied by that court in late 2008 (*see* Doc. 9, Exhibit G, at 3-4). The trial court's denial of that petition was affirmed by the Alabama Court of Criminal Appeals in a memorandum decision issued on November 6, 2009 (Doc. 9, Exhibit G, at 8).

5.      Charest then filed in the Eleventh Circuit Court of Appeals, on January 23, 2010, an application for leave to file a second or successive habeas corpus petition pursuant

---

[1]      Although the record is unclear on this point, it appears that Charest filed a second Rule 32 petition in the state courts of Alabama during the pendency of his first federal petition. (*See* Doc. 9, Exhibit G, at 2) Petitioner contends that during these proceedings, specifically in August of 2005, he was re-sentenced to life imprisonment and that his consecutive sentences of life imprisonment were done away with. (*See* Doc. 1, at 2) While it is not totally clear that this is what happened the undersigned will not take issue with petitioner's argument in this regard. (*Compare id. with* Doc. 9, Exhibit F).

to 28 U.S.C. § 2244(b). (Doc. 9, Exhibit H, at 14) Before receiving an answer from the

Eleventh Circuit Court of Appeals on his application, however, Charest filed the instant

habeas corpus petition in this Court on February 5, 2010. (Doc. 1, at 20 (petition signed on

this date and given to prison authorities for mailing)) The claims petitioner seeks to raise in

the instant petition are the same as those raised in the application for leave to file a second

or successive petition filed in the Eleventh Circuit Court of Appeals on January 23, 2010.

(*Compare* Doc. 1 *with* Doc. 9, Exhibit H)

      6.    On February 24, 2010, a panel of the Eleventh Circuit Court of Appeals denied

Charest's application for leave to file a second or successive petition. (Doc. 9, Exhibit A)

      In his application, Charest indicates that he wishes to raise three claims
in a second or successive § 2254 petition. First, he claims that he is actually
innocent because "newly discovered evidence" establishes that the Alabama
trial court lacked subject-matter jurisdiction over his case. Second, he asserts
that his Sixth Amendment right to confront witnesses was violated at a hearing
in October 2008 because he was not allowed to make an opening statement or
cross-examine the state's "key witness." Finally, Charest claims that the State
post-conviction court "committed reversible error" by granting judgment as a
matter of law to the state in his Ala.R.Crim.P. 32 proceedings without making
required findings of fact to support[] that ruling. Charest asserts that his first
two claims rely upon newly discovered evidence, but indicates as to his third
claim only that it does not rely on a new rule of law. Specifically, he claims
that a land survey, conducted after his conviction, proves that his alleged
criminal conduct took place in Florida.

      Charest's claims do not meet the statutory criteria. First, although he
asserts that his first two claims rely on newly discovered evidence, the land
survey does not prove that he is factually innocent of the rape and sodomy
charges underlying his conviction and sentence, and at most, relates solely to
his potential legal innocence. *See* 28 U.S.C. § 2244(b)(2)(B); *see also In re
Boshears*, 110 F.3d 1538, 1541 (11th Cir. 1997) (holding that the applicant
must show that the newly discovered evidence established that he was actually
innocent of the offense). Moreover, Charest does not assert that his third claim

relies on newly discovered evidence or a new rule of law, and as such, it also fails to satisfy the statutory criteria. *See* 28 U.S.C. § 2244(b)(2)(A), (B).

Accordingly, because Charest has failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

(*Id*. at 2-3)

## **CONCLUSIONS OF LAW**

1.      Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* __ U.S. ___, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

2.     The instant § 2254 petition, filed February 5, 2010, is clearly a successive petition[2] and while Charest did file an application with the Eleventh Circuit Court of Appeals on January 23, 2010 seeking an order authorizing this Court to consider this successive petition (*see* Doc. 9, Exhibit H), he failed to obtain specific authorization from that court to file another habeas corpus petition, *see, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."), thereby depriving this Court of jurisdiction to consider his request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). That this Court is without jurisdiction to consider the instant petition is now resolute given the Eleventh Circuit's February 24, 2010

---

[2]     A district court's dismissal of a petitioner's first habeas petition on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed *pro se* an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

panel decision denying Charest's application for leave to file a second or successive petition. (Doc. 9, Exhibit A) Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala.) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted by* 2010 WL 653691 (2010).

     3.     Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive petition and the Eleventh Circuit has specifically denied Charest's application for leave to file a second or successive petition (Doc. 9, Exhibit A), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, with prejudice, for want of jurisdiction or that Charest should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that Patrick Charest's petition for writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Charest is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 1st day of June, 2010.

   s/WILLIAM E. CASSADY                
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection.*  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded).*  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).