# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH CHAREST, AIS 182262 | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Civil Action No. 10-0067-CG-C |
| BILLY MITCHUM, | ) ) ) |
| Respondent. | ) |

## AMENDED ORDER

This matter is before the court on the State's objection (Doc. 72) to the magistrate judge's report and recommendation (Doc. 63). Also before the court is the pro se reply brief (Doc. 77) filed by the petitioner, Patrick Joseph Charest ("Charest"), as well as his pro se "emergency motion" (Doc. 78) and his affidavit for a motion for permission to appeal in forma pauperis (Doc. 80).

The magistrate judge summarized the factual background of the case at length in his report and recommendation and the court will not duplicate those efforts here. See Doc. 63 at 3-33. The court previously adopted the magistrate judge's report and recommendation on April 10, 2013 (Doc. 70), and issued a judgment dismissing Charest's request for habeas corpus relief as an unconscionable abuse of the writ and as time-barred (Doc. 71). Two days later, the State filed an objection to the report and recommendation. (Doc. 72). In order to consider the State's objection, the court vacated its

order and judgment on April 15. (Doc. 73).

Having now closely considered the State's objection to the report and recommendation, the finds that it is well taken and declines to adopt that portion of the Report and Recommendation that concludes that the state court's August 2005 Order which modified Charest's sentence constituted a "new judgment", as set forth below. The court also finds that Charest's multiple motions before the court are due to be **DENIED**, or are **MOOT**, as set forth below.

## I. THE STATE'S OBJECTION (DOC. 72)

At issue is the Baldwin County Circuit Court's August 12, 2005, Order (the "August 2005 Order") which modified Charest's two consecutive life terms so that they ran concurrently. Doc. 59-1. The magistrate judge concluded that this was a "new judgment" within the scope of the United States Supreme Court's holding in Magwood v. Patterson, 130 S.Ct. 2788 (2010), and consequently, that Charest could attack his unaltered, underlying convictions pursuant to Magwood and Campbell v. Secretary for the Dept. of Corrections, 447 Fed. Appx. 25, 26-27 (11th Cir. Oct. 13, 2011). See Doc. 63 at 36-38.

The State contends that the magistrate judge was incorrect, and argues that, pursuant to Alabama Rule of Criminal Procedure 26.12(c)[1], the

---

[1] Ala.R.Crim.P. 26.12(c) states that "[t]he court may at any time by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently."

2

Circuit Court's modification of Charest's sentences was a "purely discretionary judicial change in the manner in which Charest's sentences were to be executed and served." Id. at 4.

In the report and recommendation, the magistrate judge relied to a large extent upon the Eleventh Circuit's holdings in Murphy v. United States, 634 F.3d 1303, 1311 (11th Cir. 2011), and Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1292–93 (11th Cir. 2007). In Murphy, the Eleventh Circuit considered whether granting a sentence reduction to a federal defendant pursuant to Federal Rule of Criminal Procedure 35(b) constituted a resentencing that re-started the AEDPA "time clock,"[2] thus allowing the defendant to collaterally attack his original conviction and sentence. Murphy, 634 F.3d at 1306. The Eleventh Circuit defined the term "judgment" as " the underlying conviction and [the] *most recent* sentence that authorizes the petitioner's current detention." Id. at 1311 (quotation omitted)(emphasis in original). The court stated further that "we reasoned in Ferreira[] that … a judgment is defined as both the conviction *and* the sentence …[and therefore] when a defendant is resentenced, the defendant becomes confined under a new judgment[.]". Id. at 1311.

The magistrate judge pointed to this language in his report and recommendation when he found that the August 2005 Order was the "most recent" sentence authorizing Charest's detention and concluding that it was a

---

[2] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Pub.L 104-132, § 104, 110 Stat. 1214, 1218-1219.

3

"new judgment." Doc. 63 at 36-38. However, Murphy and Ferreira are not support this conclusion as well as the report and recommendation suggest. For one thing, Ferreira is distinguishable from the instant case because it dealt with a defendant who was resentenced after his original sentence was declared invalid. Murphy, 634 F.3d at 1313. In this case, there was no such invalidation of Charest's original sentence; rather, it was modified pursuant to an agreement that Charest struck with the State. Doc. 63 at 23.

Murphy is likewise a poor fit for a finding of a new judgment because in that case, the Eleventh Circuit ultimately ruled that the reduction of the defendant's sentence pursuant to Fed.R.Crim.P. 35(b) did *not* comprise a genuine resentencing, nor give rise to a new judgment. Murphy, 634 F.3d at 1313. The Eleventh Circuit instead held that a Rule 35(b) motion is merely a "plea for leniency, a matter of executive and judicial grace." Id. (quotation marks omitted). The discussion of Rule 35(b) in Murphy is actually a reasonable counterpart to the State's invocation of Ala.R.Crim.P. 26.12(c), which allows the trial court to modify consecutive sentences and make them run concurrently. See Ala.R.Crim.P. 26.12(c). Although the state rule provides greater discretion to Alabama courts than the federal rule does to federal courts,[3] both rules are procedural avenues by which a court may

---

[3] For example, Fed.R.Crim.P. 35(b) only authorizes a reduction in a defendant's sentence when two conditions are met: (1) the defendant must render substantial assistance to the government in the investigation or prosecution of another person; and (2) the government must decide to file a Rule 35(b) motion. Murphy at 1313.

4

amend a defendant's sentence.

Accordingly, the court **DECLINES TO ADOPT** that portion of the magistrate judge's report and recommendation that discusses and concludes that the August 2005 Order was a "new judgment." Instead, the court finds that where, as here, the original sentence has not been declared invalid, no genuine resentencing has taken place. It logically follows that, because the August 2005 Order is not a new or intervening judgment, then Charest is not entitled to challenge his unaltered, underlying convictions for rape because the Court of Appeals has denied permission to file a second or successive petition. (See Doc. 9, Exh H, at 14). Campbell v. Secretary for the Dept. of Corrections, 447 Fed. Appx. 25, 26-27 (11th Cir. Oct. 13, 2011) ("Magwood permits a petitioner who received an intervening judgment to attack the unaltered prior conviction.").

In addition, the court <u>does</u> <u>adopt</u> , as an alternate holding, (should the Court of Appeals find that the resentencing constituted an intervening judgment), the discussion and conclusions in the Report and Recommendation finding that the writ is due to be denied because Charest has abused of the writ and dismissed as time-barred. Accordingly, Charest's request for habeas corpus relief is hereby **DENIED.**

## II. CHAREST'S MOTIONS AND VARIOUS FILINGS

On April 22, 2013, Charest filed a Rule 59(e) motion for reconsideration (Doc. 75) requesting that the court alter, vacate, or amend its

judgment of April 10.  However, as discussed above, the court had previously vacated the order one week earlier, on April 15 (Doc. 73).  Therefore, Charest's motion is **DENIED** as **MOOT**, as is his motion to stay appeal pending adjudication of his Rule 59 motion (Doc. 76).

On April 24, 2013, Charest filed "cross-objections" – essentially a reply brief -- in response to the State's objection to the magistrate judge's report and recommendation.  Doc. 77.  As part of his "cross-objections," Charest requested a hearing before the court regarding certain "factual disputes – questions of law – mixed with federal law," or, alternatively, requested that the court grant him certain "relief" that would allow him to return to Baldwin County for a Rule 32 hearing, or simply order a new trial.  Doc. 77 at 32.  In light of the court's determination, <u>supra</u>, these requests are **DENIED**.  Charest also filed an emergency motion, in which he (1) argues that he had no prior knowledge of certain filings by the State and his own appellate counsel in the instant habeas appeal; (2) seeks copies of various docket filings dating to December 2012 and January 2013; and (3) requests that the district court recuse itself.  (Doc. 78). The request to recuse is based solely on this court's earlier rulings in the instant case.  As a general rule, a judge's rulings in a case are not valid grounds for recusal.  <u>Loranger v. Stierheim</u>, 10 F.3d 776, 780 (11th Cir. 1994). Petitioner cites no other grounds for recusal, and the request to recuse is therefore denied.  Charest should request copies of documents directly from Mr. Helmsing for the period of time that Mr.

Helmsing served as Charest's appellate counsel.  If the Clerk has not already done so, it is hereby directed to send Charest copies of documents filed after Mr. Helmsing withdrew as appellate counsel.  Charest's emergency motion (Doc. 78) is otherwise **DENIED**.

    **DONE** and **ORDERED** this 14th day of November, 2013.

                                  /s/ Callie V.S. Granade
                                  **UNITED STATES DISTRICT JUDGE**